J-S77004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TORY XAVIER SHUMAN, | |
| Appellant | No. 962 MDA 2017 |

Appeal from the Judgment of Sentence Entered April 12, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001569-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 22, 2018**

Appellant, Tory Xavier Shuman, appeals from the judgment of sentence of one to twelve months' incarceration, imposed after he was convicted by a jury of simple assault and recklessly endangering another person.  Appellant seeks to challenge the sufficiency of the evidence to sustain both of these convictions.  Additionally, Appellant's counsel, Kent D. Watkins, Esq., seeks to withdraw his representation of Appellant pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  After careful review, we deny counsel's petition to withdraw, and remand for further action by Attorney Watkins.

_____

[*] Former Justice specially assigned to the Superior Court.

The facts and procedural history of Appellant's convictions are not necessary to our disposition of his appeal at this time. We only note that Appellant filed a timely notice of appeal from the imposition of his sentence on April 12, 2017. On September 26, 2017, Attorney Watkins filed with this Court an "Application to Withdraw As Counsel," as well as a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). A **Turner/Finley** no merit letter is the proper filing where counsel seeks to withdraw on appeal from the denial of post-conviction relief. However, where, as here, counsel seeks to withdraw on direct appeal, he or she must comply with the more stringent dictates of **Anders/Santiago**. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Consequently, on October 4, 2017, this Court issued an order directing Attorney Watkins to comply with **Anders/Santiago** by filing a brief referring to any issues that might arguably support Appellant's appeal.

On November 2, 2017, Attorney Watkins filed an **Anders** brief. Therein, counsel asserted that Appellant seeks to raise the following question for our review: "Did the Commonwealth of Pennsylvania present sufficient evidence to prove [Appellant] guilty of both simple assault and recklessly endangering another person?" **Anders** Brief at 4. According to Attorney Watkins, this claim is frivolous, and counsel cannot identify any other, non-frivolous issues to present on appeal.

Preliminarily,

- 2 -

[t]his Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).

After determining that counsel has satisfied the technical requirements of *Anders/Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

- 3 -

Here, we are constrained to conclude that Attorney Watkins has failed to satisfy the technical requirements for withdrawal. Specifically, while counsel attached proof of service documents to both his application to withdrawal and his **Anders** brief, those documents do not indicate service on Appellant. Moreover, while counsel advised Appellant of his rights under **Nischan** within the body of counsel's original "no merit" letter, the proof of service attached to that filing also did not list Appellant as an individual upon whom service was made.[1] In light of this record, it is unclear whether Appellant has been provided with Attorney Watkins' **Anders** brief, or counsel's petition to withdraw. We also cannot discern whether Appellant has been informed of his rights under **Nischan**.

Therefore, we are compelled to deny Attorney Watkins' petition to withdraw. Within 21 days of the filing date of this memorandum, Attorney Watkins shall file in this Court proof that he has served upon Appellant: (1) a letter advising Appellant of his rights under **Nischan**, (2) counsel's petition to withdraw, and (3) counsel's **Anders** brief. Appellant shall then have 30 days from the date on which Attorney Watkins files that proof of service in this Court to file a response.

---

[1] We note that, to date, Appellant has not filed any response to Attorney Watkins' petition to withdraw, "no merit" letter, or **Anders** brief.

Petition to withdraw denied.  Case remanded with instructions for counsel.  Jurisdiction retained.